FILED

17 NOV 17 PM 3:59

LC       DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX RAY CHARFAUROS,<br><br>Petitioner,<br><br>v.<br><br>WARREN MONTGOMERY, Warden<br><br>Respondent. | Case No.: 3:17-cv-266-BAS-KSC<br><br>**REPORT AND RECOMMENDATION RE RESPONDENT'S MOTION TO DISMISS** |

## INTRODUCTION

Petitioner Alex R. Charfauros, a state prisoner proceeding *pro se*, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in San Diego Superior Court Case[1] for offenses that occurred on or about October 27, 2010. [Doc. No. 1]. Before the Court is Respondent Warren Montgomery's Motion to Dismiss the Petition as untimely [Doc. No. 11] and petitioner's Opposition to the Motion to Dismiss. [Doc. No. 15].

This Report and Recommendation is submitted to United States District Judge

---

[1] Case No. SCD234440.

1

3:17-cv-266-BAS-KSC

Cynthia Ann Bashant pursuant to 28 U.S.C. § 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. Based on the moving and opposing papers, and for the reasons outlined below, this Court **RECOMMENDS** that Respondent's Motion to Dismiss be **DENIED**.

## BACKGROUND

Petitioner Alex R. Charfauros is in the custody of respondent based upon a valid judgment entered on August 23, 2013, in San Diego County where a jury convicted him of fifteen criminal offenses. Petitioner was found guilty of: second degree murder of a police officer; four counts of premeditated attempted murder of a police officer; attempting to harm a police dog resulting in serious injury; four counts related to the possession or sale of methamphetamine; resisting, delaying, or obstructing a police officer and conspiracy to commit the same offense; conspiracy to commit an act injurious to the public health or public morals or to pervert or obstruct justice or the due administration of laws; possession of a firearm by a felon; and, unlawful possession of ammunition. In connection with several of the counts, the jury also found petitioner was vicariously armed with a firearm. [Doc. No. 12-1, at p. 2]. Petitioner was sentenced to prison for an indeterminate term of 85 years to life plus a determinate term of 11 years. [*Id.* at p. 8].

Through counsel, petitioner filed an appeal on September 23, 2013.[2] [Doc. No. 12-1]. The California Court of Appeal rejected petitioner's first three claims, modified the judgment to reflect corrected sentences on counts 7, 9, 10, 11, 12, and 14, and corrected the laboratory fee. [*Id.* at p. 3]. As modified, the court affirmed the judgment. *Id.*

Petitioner filed a writ of habeas corpus on October 15, 2014, while his direct appeal was pending.[3] The California Court of Appeal considered the habeas corpus petition at the same time as his direct appeal. Concurrent with its order modifying the judgment on direct appeal, the court filed an order denying the petition. [Doc No. 12-2]. The California

---

[2] *People v. Charfauros*, D064666
[3] *In Re Alex Charfauros*, D066787

Supreme Court denied petitioner's petition for review on December 9, 2015. [Doc. No. 12-3, p. 1].

## **PROCEDURAL BACKGROUND**

On February 10, 2017, petitioner filed a two-sentence federal petition for writ of habeas corpus. [Doc. No. 1]. In its Order dated February 16, 2017, Distrit Judge Bashant dimissed the petition without prejduce because petitioner failed to name a proper respondent, failed to state grounds for relief, and failed to allege exhaustion of state judicial remedies. [Doc. No. 2]. Petitioner was instructed to file a First Amended Petition by April 15, 2017 to have the case reopened. [*Id.*]. On April 10, 2017, petitioner filed a First Amended Petition. [Doc. No. 3]. He raises the following grounds for relief: (1) convictions of conspiracy and aiding and abetting; (2) insufficient evidence to support impermissible admission of law enforcement testimony; and, (3) reversal of the life term enhancement due to the prosecution's failure to comply with fundamental pleading requirements. [*Id.*].

On July 6, 2017, respondent filed a Motion to Dismiss contending the First Amended Petition is time-barred under the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). [Doc. No. 11, at p. 2]. On October 27, 2017, petitioner filed a Traverse in response to the Motion to Dismiss. [Doc. No. 15, pp. 2-3]. Therein, petitioner contends he is entitled to equitable tolling based on (1) the timely filing of his original petition; and, (2) the time extension provided to petitioner by this Court to amend his original Petition. [*Id.* at pp. 2-3].

## **DISCUSSION**

AEDPA preserves the total exhaustion requirement, but also imposes a one-year statute of limitations on all federal habeas petitions. 28 U.S.C. §§ 2244(d) & 2254(b)(1)(A). Accordingly, each claim in a habeas petition must be exhausted and presented to the federal court within the one-year period or it is forefeitted. *Id.* Filing a federal habeas petition does not toll the statute of limitations. A petitioner may return to state court to exhaust his claims, but most do so within the one-year timeline provided by AEDPA. *See Rhines v. Weber*, 544 U.S. 269, 274-75 (2005). Petitioners who fail to satisfy

3

this timeline "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275.

Section 2244 (d)(1) of Title 28, United States Code provides a one-year limitation period for state prisoners to file habeas corpus petitions in federal court. The section states, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because petitioner has neither asserted a defense under subsections (B)-(D)- of 28 U.S.C. § 2244(d)(1) – nor are sections (B)-(D) applicable on their face to the instant Motion

4

– the Court turns to § 2244(d)(1)(A) to determine the date upon which petitioner's judgment became final.

The California Supreme Court declined a petition for review on December 9, 2015. [Doc. No. 12-3, pp. 1]. Petitioner's conviction did not become final, however, until March 8, 2016 because an additional 90 days must be added to allow for a filing of a petition for a writ of certiorari to the United States Supreme Court. *See Bowen v. Roe,* 118 F.3d 1157, 1158-59 (9th Cir. 1999). Therefore, the final date by which petitioner could file a petition for a writ of habeas corpus in federal court was March 8, 2017.

Petitioner filed his initial Petition on February 10, 2017, and his First Amended Petition on April 10, 2017. [Doc. No. 3]. More than one year had elapsed between then and the date on which his conviction became final on March 8, 2016.[4] Thus, in the absence of statutory or equitable tolling, the First Amended Petition should be dismissed as untimely.

As stated, *supra*, the state of limitations in AEDPA is subject to equitable tolling. *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 5540 (9th Cir. 1998). Equitable tolling requires two elements: "(1) that [a petitioner] has been pursuing rights diligently, and (2) that some extraordinary circumstance stood in his way" to timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is infrequently granted because there must be "extraordinary circumstances beyond a prisoner's control mak[ing] it impossible to file a petition on time." *Calderon,* 128 F.3d at 1288. The petitioner must identify "extraordinary circumstances" that were the proximate cause of his untimeliness. A mere lack of diligence will not suffice. *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003).

---

[4] As stated, *supra*, the initial Petition was dismissed on February 16, 2017.

5

A petitioner is entitled to equitable tolling where he reasonably relies on a court order extending a habeas filing deadline beyond AEDPA'S statutory deadline. *See Sossa v. Diaz*, 729 F.3d 1225, 1237 (9th Cir. 2013); *see also Simpon v. Wetzel*, 2016 WL 6432905, at *3 (E.D. Pa. Oct. 31, 2016) ("As to extraordinary circumstances, the court acknowledges that its own orders contribute to the creation of such circumstances in this case...[T]he orders granting those [time] extensions, particularly when coupled with the Respondents' repeated failures to oppose the extensions, are among the extraordinary circumstances that entitle Mr. Simpson to equitable tolling.").

On Feburary 16, 2017, Judge Bashant identified a series of issues warranting dismissal of the Petition without prejudice, and granted petitioner until April 15, 2017 to file an Amended Petition. [Doc. No. 2]. Thus petitioner was given fifty-nine (59) days in which to remedy his original Petition. The one-year statute of limitations period under AEDPA ended twenty (20) days after Judge Bashant's Order was issued, on March 8, 2017. Yet, by then, petitioner was reasonably relying on the Order permiting him to file an amended petition within the additional thirty-nine (39) days granted to him by the Court. [*Id.*]. Thus, petitioner is entitled to equitable tolling because the Court "contribute[d] to the creation of [the] circumstances in this case." *Sossa*, 729 F.3d at 1237. The First Amended Petition [Doc. No. 3] is deemed timely filed in accordance with AEDPA's one-year statute of limitations.

Accordingly, this Court **RECOMMENDS** that respondent's Motion to Dismiss be **DENIED**. [Doc. No. 11].

## CONCLUSION

IT IS HEREBY RECOMMENDED that the District Court issue an order (1) approving and adopting this Report and Recommendation; and, (2) denying respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus.

IT IS FURTHER ORDERED THAT any party may file written objections with the District Court and serve a copy on all parties ***no later than 14 days*** from the entry of this Order. The document should be entitled "Objections to Report and Recommendation."

1   IT IS FURTHER ORDERED THAT any reply to the objections shall be filed with
2   the District Court and served on all parties ***no later than 30 days*** from the filing of the
3   objection. The parties are advised that failure to file an objection within the specified time
4   periods might waive the right to raise those objections on appeal of the District Court's
5   Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d
6   1153, 1156 (9th Cir. 1991).

7   IT IS SO ORDERED.

8   Dated: November 14, 2017

Hon. Karen S. Crawford
United States Magistrate Judge