# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX RAY CHARFAUROS,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>SCOTT KERNAN, Warden,<br><br>　　　　　　　Respondent. | Case No. 17-cv-266-BAS-KSC<br><br>**ORDER:**<br><br>**(1) OVERRULING OBJECTION [ECF No. 28];**<br><br>**(2) ADOPTING REPORT & RECOMMENDATION [ECF No. 27];**<br><br>**(3) DENYING PETITION [ECF No. 3];**<br><br>**AND**<br><br>**(4) DENYING CERTIFICATE OF APPEALABILITY** |

　　　On April 10, 2017, Petitioner Alex R. Charfauros ("Petitioner"), a state prisoner proceeding *pro se*, filed an Amended Petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254, seeking relief from his August 23, 2013 conviction in San Diego Superior Court for, *inter alia*, second degree murder and his resulting sentence of 85 years to life. (ECF No. 3.) On July 17, 2017, Magistrate Judge Karen Crawford issued a Report and Recommendation (R&R), which recommends that this Court deny the Petition in its entirety because Petitioner has failed to show he is entitled to federal habeas relief on any ground. (ECF No. 27.)

Petitioner has filed an Objection to the R&R. (ECF No. 28.) For the reasons herein, the Court: (1) overrules Petitioner's Objection, (2) approves and adopts the R&R in its entirely, (3) denies the Petition, and (4) denies a certificate of appealability.

## LEGAL STANDARD

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

## ANALYSIS[1]

**A.   Petitioner Has Failed to Make a Proper Objection to the R&R**

Objections to an R&R must be properly made before triggering a district

---

[1] The Court adopts and incorporates the procedural and factual background as well as the applicable standard of review for a federal habeas petition set forth in the R&R and does not recount those points in this Order. (ECF No. 27 at 2–8.)

judge's responsibility to conduct a *de novo* review. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). At a minimum, objections must be written and specific. *See* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations" of the magistrate judge.) (emphasis added). "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's R&R has the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-CV-401, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013) (citing cases); *see also Robles v. Beard*, No. 14-cv-1514-BAS-NLS, 2015 WL 7313874, at *1–2 (S.D. Cal. Nov. 20, 2015).

In this case, Petitioner's Objection is insufficient to trigger *de novo* review. Petitioner's "objection" to the R&R is that he "has demonstrated" and "clearly establishe[d]" error in his state court proceedings. (ECF No. 28 at 1–2.) Although Petitioner reasserts that he is entitled to federal habeas relief on the grounds raised in his Petition, at no point in his Objection does Petitioner identify any particular facts or analysis *in the R&R* to which he objects. (*See generally id*.) Petitioner has thus not raised any valid objections to the R&R. *See Turner v. Tilton*, No. 07-CV-2036-JLB-AJB, 2008 WL 5273526, at *1 (S.D. Cal. Dec. 18, 2008) (Sammartino, J.) ("[H]is objections do not address the substance of the R & R's findings. Instead, the objections discuss at length the claims made in the petition. Because Petitioner has not made an objection to any specific portion of the report. Therefore, the Court need only satisfy itself that the R & R is not clearly erroneous."); *see also Grady v. Biter*, No. 13-cv-2479-BAS-MDD, 2016 WL 537175 at *3 (S.D. Cal. Feb. 10, 2016) ("Petitioner's objections amount to 'general objections' that do not address the substance of any specific findings in the Report, which in turn has the same effect as failing to object.").

**B.     The R&R Properly Recommends Denial of the Petition**

In the absence of any specific objection to an R&R, the clear weight of

authority indicates that the Court need only satisfy itself that there is no "clear error" on the face of the record before adopting Judge Crawford's recommendation. *See* Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. United States Dist. Court*, 501 F.2d 5, 7 (9th Cir. 1974)). However, the Court has conducted a *de novo* review of the Petition (ECF No. 3), Respondent's Answer and the lodgment of the state court record (ECF Nos. 24, 25), the Traverse filed by Petitioner (ECF No. 26), and Judge Crawford's R&R (ECF No. 27). Having conducted a *de novo* review, the Court concludes that Judge Crawford's recommendation to deny the Petition is sound.

As Judge Crawford correctly reasons, Petitioner has failed to show that he is entitled to federal habeas relief on any of the grounds raised in the Petition. First, Petitioner's challenge to the sufficiency of the evidence underlying his convictions fails because the evidence offered at trial was sufficient for a jury to convict Petitioner. As the R&R correctly observes, the conclusion of the California Court of Appeal on this issue in Petitioner's direct appeal was not objectively unreasonable such that it should be disregarded by this Court. (ECF No. 27 at 9–14.) Second, Petitioner's request for habeas relief due to the allegedly wrongful admission of evidence fails because the challenge is procedurally defaulted pursuant to California's contemporaneous objection rule. (*Id.* at 15–17.) Third, Petitioner's ineffective assistance of counsel claim fails because he cannot establish prejudice pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), based on his trial counsel's alleged failure to object to the admission of certain testimony, a determination which the California Court of Appeal also reached. (*Id.* at 17–19.) Finally, Petitioner's claim for habeas relief due to an allegedly wrongful imposition of a sentence enhancement fails. Petitioner argues that his indictment did not explicitly allege that the attempted murders of police officers were willful, deliberate and premeditated. However, in reference to the California Court of Appeal decision which also addressed this claim, the R&R soundly observes that the indictment's

failure to charge on this basis does not entitle Petitioner to relief because the defense proffered a jury instruction on willful, deliberate and premeditated murder at trial, which provided notice to Petitioner. (*Id.* at 19–21.) Accordingly, this Court concludes that the R&R's recommendation to deny the Petition is proper.

### C. The Court Declines to Issue a Certificate of Appealability

Pursuant to Rule 11 of the Rules following 28 U.S.C. § 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. *Maciel v. Cate*, 731 F.3d 928, 932 (9th Cir. 2013). Based on a review of the Petition, the record, and the R&R (ECF Nos. 3, 24–27), the Court finds that reasonable jurists would not find the Court's assessment of the claims in the Petition debatable or wrong. Accordingly, the Court denies Petitioner a certificate of appealability.

## CONCLUSION & ORDER

After considering Petitioner's Objection and conducting a *de novo* review of the R&R and the Petition, the Court hereby: (1) **OVERRULES** Petitioner's generalized Objection (ECF No. 28); (2) **APPROVES** and **ADOPTS** the R&R in its entirety (ECF No. 27); (3) **DENIES** the Petition (ECF No. 3); and (4) **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Hon. Cynthia Bashant
United States District Judge

**DATED: September 7, 2018**